UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20745-CR-SCOLA/TORRES

18 U.S.C. § 201(b)(2)(A)
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)

FILED BY _____ D.C.
NOV 07 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

v.

DONNIE SHATEK HAWES,

        Defendant.
_____/

# INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Veterans Health Administration Program

1. The United States Department of Veterans Affairs ("VA") was a cabinet-level department of the United States government. Its mission was to care for United States military veterans and their dependents.

2. The VA included the Veterans Health Administration ("VHA"). The VHA was a federally funded program that provided free or below-cost health care benefits, including hospital benefits, to over nine million United States veterans. The United States Executive in Charge, Office of the Under Secretary for Health, directed the VHA system.

3. The VHA ordered supplies for its hospitals through trained employees who initiated orders for supplies based upon requests or physical inventory assessments. These employees were typically part of a department within the VHA known as the Logistics Service. Some employees in the Logistics Service were permitted to hold a government-issued U.S. Bank Visa

credit card ("purchase cardholders") for the purpose of purchasing supplies for the VHA. Purchase cardholders initiated purchases, after obtaining supervisor approval, by creating an electronic purchase order within a VHA database.

4.      Purchase cardholders' responsibilities included following federal and VHA acquisition regulations.  For example, purchase cardholders placing orders were required to use certain vendors or sources before going to the "open market" to make purchases.  Prior to using the "open market" to procure supplies, purchase cardholders conducted market research and documented why an "open market" vendor was being used, rather than a required source.  If making a purchase through a non-contracted vendor, the purchase cardholder was required to ascertain the market rate for the requested supplies and ensure that the VHA was not overpaying for the supplies.  Purchase cardholders were required to submit a waiver form, called VHA Form 10-0384, when placing an order with an "open market" vendor.

5.      When the purchased order arrived at a medical center warehouse, warehouse employees were required to open the package, check the invoice against the purchase order, enter the item(s) in the VHA database, and deliver the item(s) to their designated location.  The purchase cardholder was responsible for confirming that all received orders were documented in the VHA database.  Vendors were paid directly by U.S. Bank who, in turn, was reimbursed by the VHA via U.S. Treasury electronic funds transfers (EFTs) for charges placed on the credit card.

### The Defendant and Related Entities

6.      The Miami VHA Healthcare System served veterans in three South Florida counties:  Miami-Dade, Broward and Monroe, with an estimated Veteran population of approximately 149,000.  The Miami VHA Healthcare System included a hospital called the Bruce W. Carter Department of Veterans Affairs Medical Center ("the Miami Medical Center"), located

at 1201 N.W. 16th Street, in Miami, Florida. The Miami Medical Center housed 372 hospital beds, including a four-story community living center attached to the main facility.

7. Defendant **DONNIE SHATEK HAWES** was employed as supervisory supply technician in the engineering department at the Miami Medical Center. As part of his duties and responsibilities, **HAWES** was a purchase cardholder and was also responsible for approving the purchase orders of other employees in the engineering department.

8. JAF Supply, Inc., Supply4vet, Inc., Delray Medical Supply/Distributors, Inc., Sunshine Supply USA, Inc., Marf Group, LLC, and E&J Supply, Inc. ("the Vendor Companies") were companies operating in the Southern District of Florida and were doing business in Miami and elsewhere as supply vendors to the Miami Medical Center and other VA hospitals. Jorge Flores was the principal and operator of the Vendor Companies.

## COUNTS 1-4
## Bribery of Public Officials
## (18 U.S.C. § 201(b)(2)(A))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates enumerated below as to each count, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DONNIE SHATEK HAWES,**

being a public official, did, directly and indirectly, corruptly demand, seek, receive, accept, and agree to receive and accept anything of value personally, that is, cash payments, in return for being influenced in the performance of any official act, that is, to initiate purchase orders from the Vendor Companies, as set forth below:

| Count | Approximate Date of Cash Payments | Thing of Value | Vendor Company |
|---|---|---|---|
| 1 | 2/12/2019 | $1,000 | JAF Supply, Inc. |
| 2 | 2/26/2019 | $900 | JAF Supply, Inc. |
| 3 | 3/5/2019 | $500 | JAF Supply, Inc. |
| 4 | 3/7/2019 | $500 | JAF Supply, Inc. |

In violation of Title 18, United States Code, Sections 201(b)(2)(A) and 2.

## FORFEITURE
## (18 U.S.C. § 981(a)(1)(C)

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **DONNIE SHATEK HAWES**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 201, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
AMANDA PERWIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

DONNIE SHATEK HAWES,

_____ Defendant. _____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)
- ✓ Miami
- ___ FTL
- ___ Key West
- ___ WPB
- ___ FTP

New defendant(s)           Yes ____  No ____
Number of new defendants   ____
Total number of counts     ____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   No
   List language and/or dialect _____

4. This case will take __2-3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                           (Check only one)
   I    0 to 5 days       ✓                  Petty    ____
   II   6 to 10 days      ____               Minor    ____
   III  11 to 20 days     ____               Misdem.  ____
   IV   21 to 60 days     ____               Felony   ✓
   V    61 days and over  ____

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ____  No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ____  No ✓

_____
AMANDA PERWIN
ASSISTANT UNITED STATES ATTORNEY
FL. BAR NO. 0046814

*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Donnie Shatek Hawes

**Case No**: _____

Counts #: 1-4

Bribery of Public Officials

Title 18, United States Code, Section 201(b)(2)(A)

**\* Max. Penalty**: Fifteen (15) years' imprisonment as to each count

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.